# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LANGERMANN, | |
| Plaintiff, | Case No. 2:11-cv-01438-KJD-GWF |
| vs. | **ORDER** |
| HONORABLE PATRICIA A. SEITZ, et al., | Ex-Parte Motion for an Order to Allow Service of Process Upon Defendant Samuel J. Dubbin by Publication (#16) |
| Defendants. | |

This matter comes before the Court on Plaintiff's Ex-Parte Motion for an Order to Allow Service of Process Upon Defendant Samuel J. Dubbin by Publication (#16), filed on February 21, 2012. Rule 4(e)(1) provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed.R.Civ.P. 4(e)(1). In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible NRCP 4(e)(1)(i), provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication, must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts generally look to when evaluating whether a party seeking service by publication has demonstrated due diligence. Nevada courts principally consider the number of attempts made by plaintiffs to serve the defendants at their residence and other methods of locating

defendants, such as consulting public directories and family members. *See Price v. Dunn,* 106 Nev. 100, 103, 787 P.2d 785, 786-7 (1990); *Abreu v. Gilmer*, 115 Nev. 308, 311, 985 P.2d 746, 747 (1999); *McNair v. Rivera*, 110 Nev. 463, 454, 874 P.2d 1240, 1241 (1994).

On December 2, 2012, Plaintiff filed an Affidavit of Non-Service (#6) with the Court. The Affidavit states that service upon Mr. Dubbin was attempted three separate times at Mr. Dubbin's home address, 14000 SW 104th Avenue, Miami, FL 33176-7063, and two separate times at Mr. Dubbin's work address, 1200 Anastasia Avenue, Suite 3000, Coral Gables, FL 33134. Plaintiff further states that Mr. Dubbin failed to respond to Plaintiff's Waiver of Service of Summons. Plaintiff also sent a request to facilitate service of process to Mr. Dubbin's attorney, Mr. Kammer. No response was received. The Court finds Plaintiff has demonstrated due diligence in attempting to serve Mr. Dubbin. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex-Parte Motion for an Order to Allow Service of Process Upon Defendant Samuel J. Dubbin by Publication (#16) is **granted**. Defendant Samuel Dubbin may be served by Plaintiff through publication as follows:

1. Plaintiff shall publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Las Vegas, Nevada;

2. Plaintiff shall publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Miami, Florida; and

3. Plaintiff shall also deposit a copy of the summons, complaint and this order in the post office, directed to Defendant at his last known place of residence.

4. Plaintiff shall also deposit a copy of the summons, complaint and this order in the post office, directed to Mr. Dubbin's attorney, Ronald L. Kammer.

DATED this 27th day of February, 2012.

*George Foley Jr.*
GEORGE FOLEY, JR.
**UNITED STATES MAGISTRATE JUDGE**