# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LANGERMANN, | |
| Plaintiff, | Case No. 2:11-CV-01438-KJD-GWF |
| v. | **ORDER** |
| THE HONORABLE PATRICIA SEITZ, *et al.*, | |
| Defendants. | |

      Presently before the Court is Defendant The Blue Card Inc.'s Motion to Set Aside Default (#20). Plaintiff filed a response in opposition (#24) to which Defendant replied (#25). Also before the Court is Plaintiff's Motion to Strike (#27) the declaration of Ilya Rubenstein filed with Defendant's reply (#25). Defendants filed a response in opposition (#29) to which Plaintiff replied (#30). Plaintiff's motion to strike essentially argues that by filing the declaration in the reply he was denied a chance to respond to it. Since Plaintiff's motion to strike gave him the opportunity to address the declaration, and good cause lacking, the Court denies the motion to strike as moot.

I.  Background and Procedural History

      Plaintiff filed the present action on September 7, 2011. On December 2, 2011, Plaintiff filed Summons Returned Executed (#7) containing the declaration of a professional process server that the

summons and complaint were served upon Defendant The Blue Card, Inc.'s registered agent, Ilya "Elie" Rubenstein, on November 15, 2011.  On December 8, 2011, the Clerk of the Court entered Default (#9) against Defendant Blue Card.  On January 11, 2012, a member of the board of directors of Defendant Blue Card, filed a Letter (#12) seeking to have the default set aside.  On March 12, 2012, Defendant Blue Card filed the present motion to set aside default.  Blue Card asserts that Rubenstein was only served a copy of the complaint and was not served a summons.

II.  Analysis

Pursuant to Federal Rules of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown."  The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b).  See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).  The law favors deciding a case on its merits.  See id.  Thus, a default judgment is appropriate only in extreme circumstances.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether the defaulting party has a meritorious defense; and (3) whether vacating the entry of default would prejudice the plaintiff.  See Franchise Holding, 375 F.3d at 926.  The court has discretion to deny the motion to set aside default if any one of the three factors favor plaintiff.  See id.  For the reasons stated *infra*, the Court finds that Defendant has shown good cause to vacate the entry of default.

A.  Culpable Conduct

When examining culpable conduct, the court concurrently examines any excusable neglect of the defaulting party.  See id. at 927. Defendant's conduct is culpable if it "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988).  A defendant's failure to answer, however, may be excused depending on the reason for the delay if defendant acted in good faith.  See TCI Group, 244 F.3d at 696.  Further, conduct is culpable only

where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond.  See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).  Since both parties have submitted contradictory affidavits in support of their positions and have conducted themselves in accordance with the positions they assume in response to the default, no clear culpable conduct appears.  The Blue Card asserts, as it has from the beginning, that no summons was served with the complaint, and therefore was under no duty to respond to the complaint.  Even if The Blue Card was mistaken, the Court cannot find that it acted in bad faith.  Since a defendant's failure to answer may be excused if defendant acted in good faith, the Court finds that Defendant Blue Card was not culpable and therefore, this factor favors vacating the default judgment.  However, even if the Court found that Blue Card had engaged in culpable conduct, the other factors also favor setting aside default.

B.  Meritorious Defense

To succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense.  See Franchise Holding, 375 F.3d at 926.  Further, mere general denial, without facts to support it, is not sufficient.  See id.  Here, Defendant has set forth specific facts that constitute a meritorious defense.  Specifically, the Defendant asserts that the Court lacks personal and specific jurisdiction.  Even if jurisdiction does exist, the United States District Court for the District of Southern Florida has issued an order enjoining Plaintiff from prosecuting this action in Nevada.  The Court for the Southern District of Florida has retained exclusive jurisdiction to hear all matters relating to the consummation, performance and enforcement of a settlement agreement to which Plaintiff alleges to be a beneficiary.  Since Plaintiff's claims essentially assert his disagreement with the management of the settlement, his claims clearly fall within the exclusive jurisdiction of the Southern District of Florida.  Accordingly, this factor weighs in favor of setting aside default.

C. Prejudice

Plaintiff argues that he will be prejudiced if default is set aside. However, the rules favor the resolution of cases on their merits. See TCI Group, 244 F.3d at 695-696. Here, Plaintiff has made no showing, other than his age, that setting aside the entry of default will prejudice him. Having to litigate the case on the merits rather than benefitting from entry of a default judgment is not prejudice adequate to deny Defendant's motion. Accordingly, this factor weighs in favor of setting aside the default.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant The Blue Card Inc.'s Motion to Set Aside Default (#20) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court **VACATE** Entry of Default (#9) as to Defendant The Blue Card, Inc.;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#27) is **DENIED as moot**.

DATED this   17   day of July 2012.

_____
Kent J. Dawson
United States District Judge